## THE PEOPLE ex rel. BROOKS v. MELONY.

It is part of the constitutional policy of this State that all elective officers connected with the Executive Department of the Government shall be elected at the same time and place, and in the same manner.

A Controller must be elected biennially, at the same time and place and in the same manner with the Governor and Lieutenant Governor, and an appointment of a Controller by the Governor before this biennial general election, whatever its effect otherwise, cannot defeat this constitutional policy, nor deprive the people of their right to fill the office of Controller at such election.

Nor can election by the people, had before the election fixed for filling the office of Governor, etc., defeat this policy.

*People* v. *Whitman* (10 Cal. 116) doubted as to the point involved in that case; and as to the validity and effect of the election of the Controller at the general election in September, 1858, no authority.

The Controller elect may take his office, whether the Governor qualifies or not.

APPEAL from the Sixth District.

The Attorney General in behalf of S. H. Brooks, elected Controller of State at the same time M. S. Latham was chosen Governor, and J. G. Downey, Lieutenant Governor, brought this action in the nature of *quo warranto* against J. R. Melony, in possession of the office by virtue of an election by the people, at the general election in September, 1858, and a commission issued to him, authorizing him to hold the office for

two years by virtue thereof.   The District Court rendered judgment in favor of Melony, from which this appeal was taken.

*D. W. Perley*, for Appellant. '

1. The election of Melony, defendant, in September, 1858, was unconstitutional and void.   A Controller must be elected at the same time and place and in the same manner as the Governor and Lieutenant Governor, and his term of office and his eligibility are also the same.   (Const. art. 5, secs. 20, 18.)

The Constitution having provided the time and place at which a Controller should be elected, and the time and place being the same time and place at which the Governor is elected, no other election of Controller is valid.

If the Governor should die after his election and qualification, there could be no other election for Governor until two years from the time of the last election.

If a vacancy should occur in the office of Controller, the Governor could fill the vacancy for the residue of the term, under art. 8, sec. 5, of the Constitution.

The *People* v. *Whitman* (10 Cal.) is not law ; and besides, the assertion, in the opinion in that case, that there could be an election for Controller in the fall of 1858, is mere *obiter dictum*.

The relator, therefore, having been elected Controller, at the first gubernatorial election since 1857, is entitled to the office.

*George Cadwalader*, for Respondent.

The proposition is a false one, that Melony's election, in 1858, was only for one year, as the term of the office fixed by the Constitution is two years, which cannot be abridged by legislative action.

The term is as substantial as the office itself, and has origin in the same organic law ; it is really the estate, the profits, emoluments, and the dignity.

It is the term of two years which the election confers, and of which the commission is evidence.   (*Brodie* v. *Weller*, 11 Cal. 77 ; *People* v. *Burbank*, 12 Id. 378; *People* v. *Templeton*, 12 Id. 394; 11 Maryland, 296.)

The other proposition of appellant is equally unsound, that Melony's election in 1858 was void; as is the reason assigned therefor, " that no Governor was then chosen."

The 2d, 18th and 20th sections of article 5 of the State Constitution must be construed together, and they mean that a Controller may be chosen whenever members of Assembly are. (*State* v. *Chase*, 7 Ohio, 372.)

The *People* v. *Whitman* (10 Cal. 42) is decisive, and concludes this appeal.

BALDWIN, J. delivered the opinion of the Court — FIELD, C. J. and COPE, J. concurring.

This is a proceeding by *quo warranto* to test the title to an office. The agreed facts are as follows:

First—That on the seventh day of September, A. D., 1859, there was a general election held in and for the State of California, at which time the relator, Samuel H. Brooks, received a majority of all the votes cast at said election for the office of the Controller of said State.

Second—That said election was duly and legally held on the day last aforesaid, pursuant to law and to the proclamation of the Governor of said State, duly made; and that at said election Milton S. Latham was elected Governor, and John G. Downey, Lieutenant Governor, of said State.

Third—That on the third day of January, 1860, the said relator received a commission from the Governor of the State of California, as Controller for the term of said office prescribed by law, and that a copy of said commission is annexed to and made a part of the complaint.

Fourth—That on the fifth day of January, 1860, the said relator filed his official bond as Controller, in the office of the Secretary of State, and that said bond was duly approved on the same day by the Governor of the State.

Fifth—That on the day last aforesaid, the said relator took the oath of office as Controller, before the Hon. J. G. Baldwin, Associate Justice of the Supreme Court, which said oath was properly indorsed on the said commission, and on the seventh day of January, 1860, a copy thereof was duly and legally filed in the office of the Secretary of State.

Sixth—That on the seventh day of January, 1860, the said relator notified the said defendant that he had been elected and qualified as Controller of said State, and was prepared to enter on the discharge of the duties of said office, and on the same day made demand on the said defendant to surrender up said office to him.

Seventh—That at the time of said notice and demand, the said defendant was, and still is, in possession of said office, and receiving the salary and emoluments thereof, and that he refused to surrender up said office to the relator at that time.

Eighth—That at the general election held in and for the State of California, in the year 1855, George W. Whitman was duly elected Controller, for the term of said office prescribed by law, and that he duly qualified, and entered on the discharge of the duties of said office, and at the same election J. Neely Johnson was elected Governor, and Robert Anderson, Lieutenant Governor, of said State.

Ninth—That at the general election held in and for the State of California, in the year 1857, J. W. Mandeville was duly elected Controller of said State, for the term of said office prescribed by law, at which time John B. Weller was elected Governor, and Joseph Walkup, Lieutenant Governor, of said State; but that said Mandeville failed to qualify as Controller, and never did claim said office, or enter on the discharge of the duties thereof.

Tenth—That on the twenty-eighth day of April, 1858, the Governor of the State of California regarded said office as vacant, and appointed the said defendant, A. R. Melony, to fill the said vacancy.

Eleventh—That at the general election held in and for the State of California, in September, 1858, the said defendant was voted for, for the office of Controller of said State, and received a majority of all the votes cast at said election.

Twelfth—That said election was duly and legally held, pursuant to law, and to the proclamation of the Governor of said State, and that after the said election the said defendant qualified as Controller, by giving the bond and taking the oath of office prescribed by law, and on the eleventh day of October, 1858, entered on the discharge of the duties of said office.

Thirteenth—That the said defendant received a commission from the Governor of the State, as Controller.

Fourteenth—That at the general election for the year 1858, at which time said defendant was elected, there was no election of Governor or Lieutenant Governor for said State.

It has been seen that Mandeville was elected to the office in September, 1857. He did not enter upon or accept the office, but declined. Melony was appointed by the Governor, but Whitman, the former incumbent, claimed the office by virtue of his former tenure, and the failure of Mandeville to qualify.

Brooks v. Melony.

Section 20 of article 5 of the Constitution, provides that the Controller, Treasurer, Attorney General, and Surveyor General, shall be chosen by a joint vote of the two houses of the Legislature, at their first session under this Constitution, and thereafter shall be elected at the same time and places and in the same manner as the Governor and Lieutenant Governor. By section 18 of the same article, a Secretary of State, a Controller, a Treasurer, an Attorney General and Surveyor General, " shall be chosen in the manner provided in this Constitution ; and the term of office and the eligibility of each shall be the same as are prescribed for the Governor and Lieutenant Governor."

The obvious policy of the Constitution is, that all the elective officers connected with the Executive Department of the Government shall be chosen at the same time ; that, in this respect, the administration should be a unit, resembling in this particular the Federal Government. There is no room left for construction. The language of the Constitution is explicit, that these State officers shall be elected at the same times and places and in the same manner as the Governor and Lieutenant Governor. At the time of the appointment of Melony, these times and places for the gubernatorial election were fixed by law. No appointment, before this biennial general election, by the Governor, whatever its effect otherwise, could deprive the people of the right of filling the office of Controller, at such election, or defeat this plain constitutional policy. If this were so, there is no reason why the appointment might not perpetuate the office in the appointee. Nor can an election by the people, had before the election fixed for filling the office of Governor, etc., have this effect; for, besides deranging the whole system the Constitution meant to establish, this would necessarily forever defeat the periodical election of all these State officers, as provided by that instrument.

It is wholly unnecessary, therefore, to consider the question as to the effect of Mandeville's failure to accept, or his declination of this office, or the right of the Governor to appoint in consequence thereof ; nor to consider the question of the validity of Melony's election in 1858 ; for neither an appointment by the Governor, nor an election by the people, can defeat the plain injunction of the Constitution, that a Controller must be elected at the same time with the Governor and Lieutenant Governor ; that is, at the regular biennial election fixed by law for these offices.

The People v. Whitman (10 Cal. 46) is relied on by the respondent.

But that case is of doubtful authority, even upon the point actually involved, and is no authority at all upon the question here. The concluding paragraph of the opinion of Mr. Justice Burnett, as to the validity and effect of the election of 1858, is mere *obiter*, and is opposed, as we think, by the express words of the Constitution.

There is nothing in the point that Brooks was not entitled to the office until the Governor qualified. If this were so, the tenure of all these State officers would depend not on the Constitution, but upon the pleasure of the Executive.

It follows, that on the agreed statement the relator was entitled to the office at the time demanded, and judgment will be entered accordingly.